| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Court Address: 7325 S. Potomac Street<br>                    Centennial, CO 80112 | DATE FILED: March 15, 2024 3:29 PM<br>FILING ID: E365A5FB29A18<br>CASE NUMBER: 2024CV30569 |
| Plaintiff: **DECA THOMPSON**<br><br>v.<br><br>Defendants: **CONAGRA FOODS ENTERPRISE SERVICES, INC. AND CONAGRA BRANDS, INC.** | **▲COURT USE ONLY▲** |
| *Attorneys for Plaintiff*:<br>Laura Browne, #46673<br>Sean Dormer, #44962<br>Dormer Harpring, LLC<br>3457 Ringsby Court, Unit 110<br>Denver, CO 80216<br>Phone Number: (303) 756-3812<br>Facsimile: (303) 477-7400<br>Email: lmb@denvertrial.com | Case No:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Deca, Thompson, by and through her attorneys, Dormer Harpring, LLC, for her Complaint and Jury Demand against Defendant Conagra Foods Enterprise Services, Inc. and Conagra Brands, Inc., states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Deca Thompson, is a resident, citizen and domiciliary of the State of Colorado.

2. Defendant Conagra Foods Enterprise Services, Inc. is a Delaware corporation authorized to do business in Colorado. Its registered agent is C.T. Corporation, located at 7700 East Arapahoe Road, Suite 220, Denver, CO 80112-1268.

3. Conagra Foods Enterprise Services' principal street address is 222 West Merchandise Mart Plaza #1300, Chicago, Illinois 80239.

4. Conagra Brands, Inc. is a Delaware corporation authorized to do business in Colorado. Its registered agent is C.T. Corporation, located at 7700 East Arapahoe Road, Suite 220, Denver, CO 80112-1268.

5. Conagra Brands, Inc.'s principal street address is 222 West Merchandise Mart Plaza #1300, Chicago, Illinois 80239.

6. Under C.R.C.P. 98(c), the venue is proper in the City and County of Arapahoe, Colorado, because the underlying tort took place in Arapahoe County.

## GENERAL ALLEGATIONS

7. Ms. Thompson files suit under the theory of product liability in connection with a can of refried beans branded "Rosarita No Fat Refried Beans" (the "Product") which are processed and distributed by Defendant Conagra Food Enterprise Services, Inc. The Product caused Ms. Thompson to suffer mouth and throat irritation along with acute pharyngitis and ammonia poisoning on March 19, 2022. (This event, as more fully described in paragraphs 21-40 below, is referred to as the "Incident").

8. At the time of the Incident, Ms. Thompson lived at 19225 Cottonwood Drive Apt 325, Parker, Colorado 80138.

9. Upon information and belief, at the time of the Incident, Defendant Conagra Food Enterprises, Inc. ("Defendant Conagra Enterprises") was a corporation authorized to do business in Colorado.

10. Upon information and belief, at the time of the Incident, Defendant Conagra Brands, Inc. ("Defendant Conagra Brands") was a corporation authorized to do business in Colorado.

11. Under C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendants because they transact business in the state of Colorado.

12. Under C.R.S. § 13-1-124(1)(b), this Court also has personal jurisdiction over Defendants because they committed one or more tortious acts in the state of Colorado.

13. Under C.R.C.P. 98(c), the venue is proper in the City and County of Arapahoe, Colorado, because Defendants conducted business in Arapahoe County and the underlying tort occurred in Arapahoe County.

14. On March 19, 2022, Ms. Thompson cooked and prepared a burrito with Defendants' "Rosarita No Fat Refried Beans" as a main ingredient.

15. Ms. Thompson took one bite of the burrito and felt a strong and agonizing burning pain inside of her mouth. She tried to wash off that sensation with home remedies such as water, yogurt,

2

and milk, but nothing helped.

16. The same day as the incident, March 19, 2022, Ms. Thompson sought out help and visited Sky Ridge Medical Center, where she was diagnosed with mouth and throat irritation and acute pharyngitis.

17. IEH Laboratories & Consulting Group tested the Product Ms. Thompson had consumed and found that the Product had a high concentration of ammonia at the time of her consumption.

18. Upon information and belief, the Product was improperly packaged by Defendant Conagra Enterprises and/or Defendant Conagra Brands, resulting in a high concentration of ammonia.

19. Upon information and belief, the Product was improperly processed by Defendant Conagra Enterprises and/or Defendant Conagra Brands, resulting in a high concentration of ammonia.

20. Upon information and belief, the Product contained a higher than permissible level of ammonia at the time of Ms. Thompson's consumption.

21. As a direct and reasonably foreseeable result of the Incident, Ms. Thompson suffered severe injuries to the inside of her mouth and throat including but not limited to, lacerations, blisters and bleeding that require continuous medical treatment.

22. As a direct and reasonably foreseeable result of the Product, Ms. Thompson suffered and will continue to suffer past and future economic damages, past and future non-economic damages, and damages for physical impairment and disfigurement.

23. As a direct and reasonably foreseeable result of the Incident, Ms. Thompson has been rendered more vulnerable to subsequent injury.

24. Ms. Thompson's date of birth is November 28, 1963.

25. At the time she was injured by the Product, Ms. Thompson was 58 years old.

26. Under C.R.S. § 13-25-102, Ms. Thompson had a life expectancy of 25.7 additional years at the time she was injured by the Product.


### FIRST CLAIM FOR RELIEF
**Negligence Against Defendant Conagra Enterprises and Defendant Conagra Brands**

27. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

28. Defendants owed Ms. Thompson a duty of reasonable care.

29. Defendants breached their duty of reasonable care.

30. Defendants were negligent.

31. As a direct and reasonably foreseeable result of the negligence of Defendant Conagra Enterprises and Defendant Conagra Brands preceding and during the Incident, Plaintiff has suffered and will continue to suffer injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement, for which the Defendants are responsible.

## SECOND CLAIM FOR RELIEF
**Negligence *Per Se* against Defendants Conagra Enterprises and Defendant Conagra Brands**

32. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

33. Defendants designed, assembled, fabricated, produced, constructed, or otherwise prepared the Product, within the meaning of C.R.S. § 13-21-401(1).

34. Defendants were engaged in the business of selling products like the Product for the use or consumption of people like Ms. Thompson.

35. Defendants processed and produced cans of refried beans under the brand name "Rosarita," including the Product.

36. The Product was defective and, because of the defect, the Product was unreasonably dangerous to people who might reasonably be expected to use, consume, or be affected by the Product.

37. The Product was defective at the time it was sold by Defendants or left its control.

38. Ms. Thompson was a person who would reasonably be expected to use, consume or be affected by the Product.

39. Ms. Thompson suffered and will suffer injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

40. The defect in the Product was a cause of Ms. Thompson's injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

## THIRD CLAIM FOR RELIEF
**Manufacturer's Negligence Against Defendants Conagra Enterprises and Conagra Brands**

41. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

42. Upon information and belief, Defendants, through an appropriate division, designed, assembled, fabricated, produced, constructed, or otherwise prepared the Product, within the meaning of C.R.S. § 13-21-401(1).

43. Defendants were therefore manufacturers of the Product sold as Rosarita's No Fat Refried Beans used by Ms. Thompson.

Notice of Removal Exhibit A

44. Upon information and belief, the Product was improperly packaged by Defendants, resulting in a high concentration of ammonia.

45. Upon information and belief, the Product was improperly processed by Defendants, resulting in a high concentration of ammonia to be found inside the Product.

46. Upon information and belief, the Product contained a higher than permissible level of ammonia for consumption.

47. Defendants were therefore negligent by failing to exercise reasonable care to prevent the Product from creating an unreasonable risk of harm to Ms. Thompson.

48. Ms. Thompson was one who might reasonably be expected to consume the Product.

49. Ms. Thompson used the Product in the manner Defendants might have reasonably expected.

50. Ms. Thompson has and will suffer injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement that were caused by Defendants' negligence while the Product was being used in a manner Defendants should reasonably have expected.

## FOURTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability against Defendants Conagra Enterprises and Defendant Conagra Brands

51. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

52. Upon information and belief, Defendants, through an appropriate division, sold the Product as Rosarita's No Fat Refried Beans, to be sold to the public.

53. Upon information and belief, the Product was improperly packaged by Defendants, resulting in a high concentration of ammonia to be found inside the Product.

54. Upon information and belief, the Product was improperly processed by Defendants, resulting in a high concentration of ammonia to be found inside the Product.

55. Upon information and belief, the Product contained a higher than permissible level of ammonia for consumption.

56. This breach of warranty caused Ms. Thompson to suffer injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

5

## FIFTH CLAIM FOR RELIEF
### Strict Product Liability against Defendant Conagra Enterprises and Defendant Conagra Brands

57. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

58. At all times relevant herein, Plaintiff exercised all appropriate due care and in no way contributed to the occurrence of her injuries and damages.

59. At all times relevant herein, Defendants were engaged in the business of designing, engineering, manufacturing, assembling, testing, labeling, packaging, marketing, fabricating, inspecting, distributing, selling, warranting, supplying and introducing into the stream of commerce the Product which caused injury to Plaintiff.

60. Defendants knew that consumers would use the Product in the manner used by Plaintiff.

61. Upon information and belief, Defendants placed the Product into the stream of commerce with knowledge that the product would be used, without inspecting for dangers and defects. Defendants knew or should have known that the ultimate users or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond the capabilities of such persons.

62. At the time of Plaintiff's ingestion, the Product was in substantially the same condition as when introduced into the stream of commerce by Defendants and was being used by Plaintiff in a reasonably foreseeable manner.

63. The Product manufactured, marketed, distributed and sold by Defendants contained unreasonably dangerous and harmful levels of ammonia when the Product left Defendants' custody and control. Moreover, the packaging of the Product sealed and contained the Product from the time the Product left Defendants' facilities until Plaintiff consumed it.

64. Defendants failed to warn or disclose to Plaintiff that the Product contained harmful levels of ammonia.

65. At the time of Plaintiff's ingestion, Plaintiff was not aware that the Product presented any risk of injury to her and had not been advised or informed by anyone that the Product could have high levels of ammonia or otherwise pose a risk of harm to her health and safety.

66. Plaintiff was injured by her consumption of the Product.

67. An ordinary consumer, such as Plaintiff, would not have recognized the potential risks and dangers inherent in the Product.

68. The risk of danger in the design of the Product outweighed any benefits of the design and, on information and belief, safer alternative designs were available at the time of manufacture and

6

supply. Therefore, the Product presented a substantial and unreasonable risk of serious injuries to users of said product such as Plaintiff.

69. For the reasons above, the Product was unreasonably dangerous to foreseeable users, including Plaintiff.

70. As a direct and proximate cause of Defendants' manufacture, marketing, distribution and sale of an inherently dangerous and defective Product, Plaintiff suffered harm by ingesting toxic levels of ammonia that caused personal injuries.

71. As a direct and proximate result of Defendants' failure to warn or disclose to Plaintiff that the Product was unreasonably dangerous and harmful, Plaintiff suffered harm by ingesting toxic levels of ammonia that caused personal injuries.

72. Plaintiff is at risk of future harm, as she must treat, alleviate and mitigate the harmful levels of toxins in her system.

73. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff incurred medical expenses and healthcare costs, and will have to do so in the future for medical monitoring, medications, and other treatment associated with reducing, alleviating, and mitigating the toxic effects of consuming the Product, as well as mental anguish, annoyance, inconvenience, pain and suffering, and emotional distress.

74. Because Plaintiff developed or face an increased risk of developing other diseases and conditions, Plaintiff seeks an order requiring Defendants to pay for her future medical monitoring and treatment costs.

**WHEREFORE**, Plaintiff, Deca Thompson requests that judgment be entered in her favor and against Defendant Conagra Food Enterprise Services, Inc. and Defendant Conagra Foods Brands, Inc., for all available relief, including without limitation economic damages, wage loss, non-economic damages and damages for physical impairment and disfigurement, as well as all interest, costs, and attorney's fees, and such other relief as this Court deems proper.

## JURY DEMAND

Plaintiff Deca Thompson demands that all claims be tried to a jury and pays the requisite fee, electronically through counsel, with this Complaint and Jury Demand.

DATED:  March 15, 2024.

DORMER HARPRING, LLC

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26.*

7

8

*The original signed pleading is in counsel's file.*

By:    */s/ Laura Browne*
          Laura Browne, (#46673)
          Sean M. Dormer, (#44962)
          *Attorney for Plaintiff*

Plaintiff's Address:
19225 Cottonwood Dr. APT 325
Parker, CO 80138